UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| | |
|---|---|
| IN RE ) | |
| ) | Case No. 11-02322-TLM |
| SHANNON RAY ROBNETT, ) | |
| ) | Chapter 7 |
| Debtor. ) | |
| _____ ) | |

## MEMORANDUM OF DECISION

### BACKGROUND AND FACTS

On October 26, 2009, Shannon R. Robnett ("Debtor") used a $60,000 tax refund to obtain an annuity from Principal Life Insurance, Co. ("Principal Life"). Less than two years later, on July 29, 2011, Debtor filed his chapter 7 bankruptcy case. On his schedules, Debtor listed the value of the Principal Life annuity at $50,000 and claimed the entire amount exempt.

On February 28, 2012, the chapter 7 trustee, Richard Crawforth ("Trustee"), filed an adversary proceeding against Debtor and others objecting to the exemption of the annuity, seeking to avoid the purchase of the annuity as a fraudulent transfer, and objecting to Debtor's discharge under 11 U.S.C. § 727(a). Adv. No. 12-06011-TLM at Doc. No. 1.

To resolve the adversary proceeding, Trustee, Debtor and Principal Life reached a compromise whereby Debtor and Principal Life would pay the estate

MEMORANDUM OF DECISION - 1

$22,000 in return for dismissal of the adversary proceeding with prejudice. *See* Doc. No. 70 ("Motion").

Trustee filed a notice of hearing, Doc. No. 71 ("Notice"), informing creditors that "a hearing will be held . . . to consider and act upon the Trustee's Motion for Approval of Compromise." The Notice stated that a "copy of the complete Motion can be obtained from the Clerk of the Court or from [Trustee's] attorney" and informed recipients of their right to object. The Notice did not inform creditors of the substance of the compromise, or provide any details regarding the dispute or its proposed resolution.[1]

No objections to the Motion were filed, and no creditors were present at the January 14, 2013 hearing.

**DISCUSSION AND DISPOSITION**

    **A.    Notice of compromise**

The trustee, as a representative of the creditors of the estate, is generally given broad discretion to enter into settlement agreements. *See In re Marples*, 266 B.R. 202, 01.3 I.B.C.R. 116 (Bankr. D. Idaho 2001). Rule 9019(a) allows the Court to approve a trustee's compromise or settlement, "[o]n motion by the trustee

---

[1] The certificate of service attached to the Motion indicates service only on "CM/ECF Registered Participants as reflected on the Notice of Electronic Filing." *See* Motion at 10. Creditors generally, as shown on Debtor's schedules and mailing list, received only the Notice.

MEMORANDUM OF DECISION - 2

and after notice and a hearing." Fed. R. Bankr. 9019(a).[2] Rule 9019(a) explains that "[n]otice shall be given to creditors, the United States trustee, the debtor, . . . and to any other entity as the court may direct." *Id.*

The required content or breadth of that notice is not described by the Rule. However, the Supreme Court has explained that to meet due process requirements a notice must give parties enough information to be able to understand the issues involved in that litigation. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950). In *Mullane*, the Supreme Court stated:

> An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. The notice must be of such nature as reasonably to convey the required information . . . and it must afford a reasonable time for those interested to make their appearance.

*Id.* at 314 (internal citations omitted). *Mullane* and its progeny apply in bankruptcy cases. *See In re Ass'n of Volleyball Prof'ls*, 256 B.R. 313, 320 (recognizing that "[t]he notice requirements in bankruptcy [such as those required for motions to compromise under Rule 9019 and 2002] are designed to satisfy the due process requirement of adequate notice to parties whose interests may be affected in such proceedings").

The type and form of acceptable notice may vary depending on the facts

---

[2] *See also* Rule 2002(a)(3) requiring 21 days notice of such motions.

MEMORANDUM OF DECISION - 3

and circumstances of the case. However, as this Court has noted, "[i]t is hard to conceive how creditors receiving notice under Rules 9019 and 2002(a)(3) could be adequately advised of the nature, fairness, reasonableness and adequacy of the proposed compromise without knowing what was sought as well as what was to be received in settlement." *In re Lake City R.V., Inc.*, 226 B.R. 241, 243, 98.4 I.B.C.R. 104, 105 (Bankr. D. Idaho 1998). Clearly the language and the form of notice matter. *See In re Comty Hosp. of the Valleys*, 51 B.R. 231, 235 (9th Cir. BAP 1985) (noting that the adequacy of a notice will depend on the language and form of that notice and whether the same adequately apprise creditors of the terms of a compromise).

Here, nothing in the Notice tells creditors or interested parties what the compromise was or even what claims of the estate were being resolved. The Notice did not contain a summary or explanation of the compromise, and – without simultaneous service of the Motion itself – due process was not provided. The Notice here was, effectively, no notice at all.

### B.    Notice of dismissal of discharge claims

In addition, special procedures apply if a plaintiff seeks to dismiss an adversary proceeding objecting to discharge. *See* LBR 7041.2. When seeking to dismiss such an adversary proceeding, LBR 7041.2 requires that the plaintiff's motion set forth with particularity the grounds upon which the dismissal is based; that the movant contemporaneously file an affidavit setting forth any

MEMORANDUM OF DECISION - 4

consideration, monetary or otherwise, received in connection with the requested dismissal; and that notice of the intended dismissal and hearing be served upon all creditors and parties in interest in the case. LBR 7041.2(a), (b), and (d).

Here, because the Notice contains no summary or explanation of the compromise, creditors were not adequately informed regarding the proposed dismissal of Trustee's objection to Debtor's discharge.[3] Thus, Trustee failed to satisfy LBR 7041.2.

**CONCLUSION**

Because the Notice failed to summarize or explain the compromise or provide any information of substance to creditors, and failed therefore to provide adequate notice to creditors under Rule 9019 and 2002(a)(3), and because Trustee also failed to comply with LBR 7041.2 in connection with the proposed dismissal of his objection to Debtor's discharge, the Motion will be denied. The Court will enter an order accordingly.

DATED: January 24, 2013



TERRY L. MYERS
CHIEF U. S. BANKRUPTCY JUDGE

---

[3] Nor did Trustee file the required affidavit.

MEMORANDUM OF DECISION - 5